Joel E. Elkins (SBN 256020)
jelkins@weisslawllp.com
**WEISSLAW LLP**
9107 Wilshire Blvd., Suite 450
Beverly Hills, CA 90210
Telephone: 310/208-2800
Facsimile:  310/209-2348

*Attorneys for Plaintiff*

### UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHANDRASEKHARAN NAIR, | ) Case No. |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) **COMPLAINT FOR** |
| | ) **VIOLATIONS OF THE** |
| | ) **FEDERAL SECURITIES LAWS** |
| AMYRIS, INC., JOHN DOERR, GEOFFREY | ) |
| DUYK, PHILIP EYKERMAN, CHRISTOPH | ) **JURY TRIAL DEMANDED** |
| GOPPELSROEDER, FRANK KUNG, | ) |
| JAMES MCCANN, JOHN MELO, STEVEN | ) |
| MILLS, CAROLE PIWNICA, PATRICK | ) |
| YANG, and LISA QI, | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |

Plaintiff Chandrasekharan Nair ("Plaintiff"), by and through his undersigned counsel, for his complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

## NATURE AND SUMMARY OF THE ACTION

1. This action is brought by Plaintiff against Amyris, Inc. ("Amyris" or the "Company") and the members of Amyris' Board of Directors (the "Board" or the "Individual Defendants") for their violations of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14a-9, 17 C.F.R. § 240.14a-9, and to enjoin the vote on the issuance of shares of Amyris common stock in accordance with Nasdaq Listing Standard Rule 5635(d).

2. On June 1, 2020, the Company, certain of the Company's subsidiaries and the Company's largest stockholder Foris Ventures, LLC ("Foris")1 entered into Amendment No. 1 to the A&R Loan Agreement (the "Loan Agreement Amendment"), pursuant to which, among other things, Foris shall have the option, in its sole discretion, to convert all or any portion of its outstanding secured indebtedness under the Loan Agreement Amendment into shares of the Company's common stock at a conversion price of $3.00 (the "Conversion Price") (the "Conversion Option").

3. On June 1, 2020 and June 4, 2020, the Company entered into separate security purchase agreements (the "Purchase Agreements") with certain accredited investors (the "Investors") for the issuance of an aggregate of 32,614,573 shares of the Company's common stock, and 102,156.21 shares of the Company's Series E Convertible Preferred Stock, convertible into

---

1 Foris is indirectly owned by defendant John Doerr ("Doerr"), who shares voting and investment control over the shares held by Foris.  As of July 6, 2020, Foris held approximately $50.5 million of outstanding indebtedness under the Amended and Restated Loan and Security Agreement, dated October 28, 2019 (the "A&R Loan Agreement").  As of June 15, 2020, Foris held (i) 58,490,128 shares of Amyris common stock, (ii) rights to purchase up to an aggregate of 8,778,230 shares of Amyris common stock at an exercise price of $2.87 per share, with an expiration date on January 31, 2021 (the "Rights"), and (iii) 20,000 shares of Series E Convertible Preferred Stock, which are convertible into 6,666,666 shares of Amyris common stock.  As of June 15, 2020, Foris beneficially owned 31.5% of Amyris' outstanding common stock and affiliates of Foris, including defendant Doerr of Kleiner Perkins Caufield & Byers, beneficially owned an aggregate of 67,565,870 shares of Amyris common stock.

COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

34,052,070 shares of common stock, at a price of $3.00 per common share and $1,000 per preferred share (the "Purchase Price") (the "Offering" and together with the Conversion Option, the "Share Issuances").  The Offering was consummated on June 5, 2020 with an aggregate purchase price of $200 million.

4.      Amyris' common stock trades on the Nasdaq Global Select Market.  Nasdaq Listing Rule 5635(d) requires Amyris to seek stockholder approval of each of the Share Issuances.  On July 6, 2020, defendants filed a Definitive Proxy Statement (the "Proxy Statement") with the SEC.  Proposal 1 of the Proxy Statement seeks stockholder approval of the Conversion Option.[2]  Proposal 2 of the Proxy Statement seeks stockholder approval of the Offering.[3]  The Proxy Statement omits or misrepresents material information concerning, among other things: (i) the background process (if any) leading up to the Share Issuances; (ii) a summary of any financial analyses prepared by the Company's financial advisor(s), considered and relied upon by the Board, in connection with the Individual Defendants' decision to approve the Share Issuances; (iii) a summary of Amyris management's financial projections relied upon by the Company's financial advisor(s) for its financial analyses; and (iv) the Company's financial advisor(s)' potential conflicts of interest.

---

[2] The Proxy Statement sets forth:

**Proposal 1** − Approval of the issuance of shares of our Common Stock issuable upon exercise by Foris Ventures, LLC of its option to convert all or any portion of the secured indebtedness outstanding under the Amended and Restated Loan and Security Agreement dated October 28, 2019, as further amended on June 1, 2020, into shares of our Common Stock, in accordance with Nasdaq Listing Standard Rule 5635(d).

Proxy Statement at 3.

[3] The Proxy Statement states, "**Proposal 2** − Approval of the issuance of shares of our Common Stock issuable upon the conversion of our Series E Convertible Preferred Stock in accordance with Nasdaq Listing Standard Rule 5635(d)."  *Id.*

5.      In short, unless remedied, Amyris' public stockholders will be forced to make a voting decision on the Share Issuances without full disclosure of all material information concerning the Share Issuances being provided to them.  Plaintiff seeks to enjoin the stockholder vote on the proposed Share Issuances unless and until such Exchange Act violations are cured.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over the claims asserted herein for violations of Sections 14(a) and 20(a) of the Exchange Act and Rule 14a-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. §1331 (federal question jurisdiction).

7.      The Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations in this District, or is an individual who has sufficient minimum contacts with this District so as to render the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8.      Venue is proper in this District under Section 27 of the Exchange Act, 15 U.S.C. § 78aa, as well as under 28 U.S.C. § 1391 because: (i) the Company's principal executive offices are located in this District; (ii) one or more of the defendants either resides in or maintains executive offices in this District; and (iii) defendants have received substantial compensation in this District by doing business here and engaging in numerous activities that had an effect in this District.

## THE PARTIES

9.      Plaintiff is, and has been at all times relevant hereto, a continuous stockholder of Amyris.

10.      Defendant Amyris is a Delaware corporation, with its principal executive offices located at 5885 Hollis Street, Suite 100, Emeryville, California 94608.  The Company is a science and technology leader in the research, development and production of sustainable ingredients for the

- 4 -
COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

Health & Wellness, Clean Beauty and Flavors & Fragrances markets.  Amyris' common stock trades on the Nasdaq Global Select Market under the ticker symbol "AMRS."

11.     Defendant Doerr has been a director of the Company since 2006.  Defendant Doerr is a Partner at venture capital firm Kleiner Perkins Caufield & Byers.  Defendant Doerr beneficially owns approximately 31.7% of the Company's shares, including shares held by Foris and Kleiner Perkins Caufield & Byers.

12.     Defendant Geoffrey Duyk ("Duyk") has been a director of the Company since 2012.

13.     Defendant Philip Eykerman ("Eykerman") has been a director of the Company since 2017.  Defendant Eykerman is the Executive Vice President, Corporate Strategy & Acquisitions at Koninklijke DSM N.V. ("DSM") and a member of the DSM Executive Committee.  DSM's wholly owned subsidiary DSM International N.V. owns approximately 12.4% of the Company's outstanding shares.

14.     Defendant Christoph Goppelsroeder ("Goppelsroeder") has been a director of the Company since 2017.  Defendant Goppelsroeder is President and Chief Executive Officer ("CEO") of DSM Nutritional Products Ltd. and a member of the DSM Executive Committee.

15.     Defendant Frank Kung ("Kung") has been a director of the Company since 2017.  Defendant Kung is a founding member of Vivo Capital LLC ("Vivo"), which owns approximately 6.4% of the Company's outstanding shares.

16.     Defendant James McCann ("McCann") has been a director of the Company since 2019.

17.     Defendant John Melo ("Melo") is Amyris' President and CEO and has been a director of the Company since 2007.

COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

18. Defendant Steven Mills ("Mills") has been a director of the Company since 2018. Defendant Mills previously served as Chief Financial Officer of the Company from May 2012 to December 2013.

19. Defendant Carole Piwnica ("Piwnica") has been a director of the Company since 2009.

20. Defendant Patrick Yang ("Yang") has been a director of the Company since 2014.

21. Defendant Lisa Qi ("Qi") has been a director of the Company since 2019.

22. Defendants identified in paragraphs 11-21 are referred to herein as the "Board" or the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

**Background and the Proposed Share Issuances**

23. Founded in 2003, Amyris is a biotechnology company that develops technology that creates microbial strains to produce artemisinic acid, a precursor of artemisinin, an anti-malarial drug. The Company's technology platform enables it to engineer microbes and use them as catalysts to metabolize renewable, plant-sourced sugars into large volume, high-value ingredients.  It applies its technology platform to engineer, manufacture, and sell products for the clean health and beauty, and flavor and fragrance markets.  Amyris has successfully used its technology to achieve nine molecules in production, leading to 17 commercial ingredients used by thousands of leading global brands.  The Company operates under the Amyris, Biofene, Biossance, Pipette, Purecane, and No Compromise trademarks.

24. On May 28, 2020, the Board approved the Offering and issuance and sale of up to $200 million of equity securities at a purchase price of $3.00.

25. On June 1, 2020, the Company, certain of its subsidiaries and Foris entered into the Loan Agreement Amendment under which the Conversion Option permits Foris to convert its outstanding indebtedness under the Loan Agreement Amendment into shares of the Company's

COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

common stock at a price of $3.00.  Assuming the full exercise of the Conversion Option and the Rights by Foris, but excluding the automatic conversion of all shares of Series E Convertible Preferred Stock, Foris, together with its affiliates, would beneficially own an aggregate of 83,948,692 shares of Common Stock, representing approximately 36.5% of the Common Stock outstanding after giving effect to such exercises and conversion.

26.     On June 1, 2020 and June 4, 2020, in connection with the Offering, the Company entered into separate Purchase Agreements with Investors for the issuance of an aggregate of 32,614,573 shares of the Company's common stock and 102,156.21 shares of the Company's Series E Convertible Preferred Stock at a price of $3.00 per common share and $1,000 per preferred share.  Foris and Perrara Ventures, LLC ("Perrara"), affiliated with defendant Doerr and Vivo, which is affiliated with defendant Kung, participated in the Offering.

27.     On June 4, 2020, Amyris filed with the SEC a Current Report on Form 8-K, stating:

**Equity Financing Transactions**

*Purchase Agreements*

On June 1, 2020 and June 4, 2020, the Company entered into separate security purchase agreements (the "***Purchase Agreements***") with 18 accredited investors (the "***Investors***") of which approximately 70% were new investors in the Company's equity. Through a private placement of the Company's public equity at $3.00 per common share, the Purchase Agreements raised $200 million. This fundraising is aligned with the Company's strategic priorities to support business growth and further reduce and simplify the balance sheet.

Investors, including stockholders that beneficially own more than five percent of the Company's outstanding Common Stock and are owned by or affiliated with individuals serving on the Company's Board of Directors, such as Foris Ventures, LLC ("***Foris***") and Vivo Capital LLC, are participating in the issuance of an aggregate of 32,614,573 shares (the "***Common Shares***") of the Company's common stock, $0.0001 par value per share (the "***Common Stock***") and 102,156.21 shares (the "***Preferred Shares***" and, together with the Common Shares, the "***Shares***") of the Company's Series E Convertible Preferred Stock, par value $0.0001 per share, convertible into 34,052,070 shares of Common Stock (the "***Preferred Stock***"), at a price of $3.00 per Common Share and $1,000 per Preferred Share (the "***Purchase Price***"), resulting in an aggregate purchase price of $200 million (the "***Offering***").

COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

The closing of the Offering (the "**Closing**") is expected to occur on or about June 5, 2020, subject to customary closing conditions. Upon Closing, the Company expects to receive aggregate net proceeds of approximately $190 million after payment of the estimated offering expenses and placement agent fees.

The Purchase Agreements include customary representations, warranties and covenants of the parties. The Company will use the proceeds from the Offering for the repayment of certain outstanding indebtedness and the remainder for general corporate purposes. In addition, in connection with the Purchase Agreement, the Company executed a letter agreement (the "**Letter Agreement**") pursuant to which, subject to certain exceptions, the Company has agreed not to issue, enter into any agreement to issue or announce the issuance or proposed issuance of any shares of Common Stock or securities convertible into or exercisable or exchangeable for Common Stock until September 1, 2020.

The Company has engaged each of Jefferies LLC and Cowen and Company, LLC to serve as joint lead placement agents and Oppenheimer & Co. Inc. to serve as a co-placement agent for the Company with respect to the Offering.

28.     On June 10, 2020, Amyris issued a press release announcing the closing of the Offering, which states, in relevant part:

EMERYVILLE, Calif., June 10, 2020 -- Amyris, Inc. (Nasdaq: AMRS), a leading synthetic biotechnology company in Clean Health and Beauty markets through its consumer brands and a top supplier of sustainable and natural ingredients, today announced the closing of its previously announced private investment in public equity (PIPE) in the Company.

Amyris received total gross proceeds of $200 million, before deducting placement agent fees and offering expenses.

The investment was made by a consortium of high quality institutional and accredited investors and mutual funds with expertise in health care, biotechnology or a consumer orientation consisting of approximately 70% new investors and 30% existing investors. The Company expects to use the proceeds from the offering for general corporate purposes and to repay certain outstanding indebtedness.

Jefferies LLC and Cowen and Company, LLC served as joint lead placement agents for the financing. Oppenheimer & Co. Inc. served as co-placement agent.

Separately, H.C. Wainwright & Co. provided advisory services to the Company.

29.     Notably, both the Conversion Option and Offering are priced at $3.00 per share – a significant discount to the Company's recent stock price, which has consistently traded above $3.00

per share since May 11, 2020.  On May 29, 2020, the last trading day before the Company's entry into the Loan Agreement Amendment and certain Purchase Agreements, the Company's stock closed at $3.73 per share.  On June 3, 2020, the last trading day before the Company's entry into the remaining Purchase Agreements, the Company's stock closed at $5.03 per share.

**The Proxy Statement Contains Material Misstatements or Omissions**

30.     Defendants filed a materially incomplete and misleading Proxy Statement with the SEC and disseminated it to Amyris' stockholders.  The Proxy Statement misrepresents or omits material information that is necessary for the Company's stockholders to make an informed decision whether to vote in favor of the Share Issuances.

31.     The Proxy Statement fails to disclose material information concerning the background process (if any) leading up to the Share Issuances.  For example, the Proxy Statement fails to disclose (i) the details of any Board discussions concerning the $3.00 per share Conversion Price and Purchase Price, including defendants Doerr and Kung's involvement in the process leading up to the Share Issuances; (ii) any safeguards taken to protect the Company's minority stockholders from defendants Doerr and Kung's conflicts of interest; (iii) the identities of the members of the Pricing Committee of the Board ("Pricing Committee"), as well as the powers and authorities delegated to the Pricing Committee; and (iv) any alternatives considered by the Board.

32.     Moreover, the Proxy Statement fails to disclose material information concerning any financial analysis prepared by the Company's financial advisor(s), considered and relied upon by the Board, in connection with the Individual Defendants' decision to approve the Share Issuances. According to the June 10, 2020 press release announcing the closing of the Offering, H.C. Wainwright & Co. ("H.C. Wainwright") provided advisory services to the Company.  Yet, the Proxy Statement fails to disclose a summary of any financial analysis prepared by H.C. Wainwright or any alternative financial advisor.  The Proxy Statement similarly fails to disclose a summary of Amyris

management's financial projections relied upon by its financial advisor(s).

33.     In addition, the Proxy Statement fails to disclose material information concerning the potential conflicts of interest faced by the Company's agents or advisors.  The Company engaged Jefferies LLC ("Jefferies"), Cowen and Company, LLC ("Cowen") and Oppenheimer & Co. Inc. ("Oppenheimer") as placement agents in connection with the Offering, and H.C. Wainwright provided advisory services to the Company.  The Proxy Statement fails, however, to disclose the nature and amount of compensation payable to Jefferies, Cowen, Oppenheimer or H.C. Wainwright & Co. (and any additional financial advisors) for services rendered in connection with the Share Issuances.  The Proxy Statement similarly fails to disclose the details of any past services Jefferies, Cowen, Oppenheimer or H.C. Wainwright (and any additional financial advisors) have provided to the Company, Foris and its affiliates, Perrara or Vivo, including the timing and nature of such services and the amount of compensation received for providing such services.

34.     The Individual Defendants were aware of their duty to disclose the above-referenced omitted information and acted negligently (if not deliberately) in failing to include this information in the Proxy Statement.  Absent disclosure of the foregoing material information prior to the stockholder vote on the Share Issuances, Plaintiff and the other stockholders of Amyris will be unable to make an informed voting decision in connection with the Share Issuances and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

**CLAIMS FOR RELIEF**

**COUNT I**

**Claims Against All Defendants for Violations of Section 14(a) of the
Exchange Act and Rule 14a-9 Promulgated Thereunder**

35.     Plaintiff repeats all previous allegations as if set forth in full.

36.     During the relevant period, defendants disseminated the false and misleading Proxy Statement specified above, which failed to disclose material facts necessary to make the statements,

in light of the circumstances under which they were made, not misleading in violation of Section 14(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder.

37.     By virtue of their positions within the Company, the defendants were aware of this information and of their duty to disclose this information in the Proxy Statement.   The Proxy Statement was prepared, reviewed, and/or disseminated by the defendants.  It misrepresented and/or omitted material facts, including material information about the background process leading up to the Share Issuances, the financial analyses performed by the Company's financial advisor(s), Company management's financial projections, and potential conflicts of interest.  The defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

38.     The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder would consider them important in deciding how to vote on the Share Issuances.

39.     By reason of the foregoing, the defendants have violated Section 14(a) of the Exchange Act and SEC Rule 14a-9(a) promulgated thereunder.

40.     Because of the false and misleading statements in the Proxy Statement, Plaintiff is threatened with irreparable harm, rendering money damages inadequate.  Therefore, injunctive relief is appropriate to ensure defendants' misconduct is corrected.

## COUNT II

### Claims Against the Individual Defendants for
### Violations of Section 20(a) of the Exchange Act

41.     Plaintiff repeats all previous allegations as if set forth in full.

42.     The Individual Defendants acted as controlling persons of Amyris within the meaning of Section 20(a) of the Exchange Act as alleged herein.  By virtue of their positions as officers and/or directors of Amyris, and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement filed with the SEC, they

had the power to influence and control and did influence and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the various statements which Plaintiff contends are false and misleading.

43.     Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

44.     In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the securities violations as alleged herein, and exercised the same.  The Proxy Statement at issue contains the unanimous recommendation of each of the Individual Defendants to approve the Share Issuances.  They were, thus, directly involved in the making of the Proxy Statement.

45.     By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

46.     As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) and SEC Rule 14a-9, promulgated thereunder, by their acts and omissions as alleged herein.  By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act.  As a direct and proximate result of defendants' conduct, Amyris stockholders will be irreparably harmed.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in his favor on behalf of Amyris, and against defendants, as follows:

A.     Preliminarily and permanently enjoining defendants and all persons acting in concert

COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

with them from proceeding with, consummating, or closing the Share Issuances and any vote on the Share Issuances, unless and until defendants disclose and disseminate the material information identified above to Amyris stockholders;

B.      In the event defendants consummate the Share Issuances, rescinding them and setting them aside or awarding rescissory damages to Plaintiff;

C.      Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act, as well as SEC Rule 14a-9 promulgated thereunder;

D.      Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

E.      Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: July 31, 2020

**WEISSLAW LLP**
Joel E. Elkins

By: */s/ Joel E. Elins*

Joel E. Elkins
9107 Wilshire Blvd., Suite 450
Beverly Hills, CA 90210
Telephone: 310/208-2800
Facsimile:  310/209-2348
                    -and-
Richard A. Acocelli
1500 Broadway, 16th Floor
New York, NY  10036
Telephone: 212/682-3025
Facsimile:  212/682-3010

*Attorneys for Plaintiff*

COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS